UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

<u>CIVIL MINUTES—GENERAL</u>

**Case No.** CV 24-08310-MWF (AGRx)              **Date:  December 10, 2024**

Title:       R and R Surgical Institute v. Luminare Health Benefits, Inc., et al

Present:    The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

Deputy Clerk:                          Court Reporter:
Rita Sanchez                           Amy Diaz

Attorneys Present for Plaintiff:       Attorneys Present for Defendants:
None Present                           None Present

**Proceedings (In Chambers):**    ORDER RE: DEFENDANT'S MOTION TO
                                  DISMISS [12]; PLAINTIFF'S MOTION TO JOIN
                                  DEFENDANT AND FOR REMAND [15]

Before the Court are two motions:

The first is Defendant Luminare Health Benefits, Inc.'s Motion to Dismiss (the "MTD"), filed on October 18, 2024.  (Docket No. 12).  Plaintiff R & R Surgical Institute filed an Opposition ("Opp. to MTD") on November 15, 2024.  (Docket No. 18).  Defendant filed a Reply ("MTD Reply") on November 26, 2024.  (Docket No. 21).

The second is Plaintiff's Motion to Join Defendant and For Remand (the "MTR"), filed on October 28, 2024.  (Docket No. 15).  Defendant filed an Opposition ("Opp. to MTR") on November 15, 2024.  (Docket No. 17).  Plaintiff filed a Reply ("MTR Reply") on November 27, 2024.  (Docket No. 22).

The Court has read and considered the Motions and held a hearing on **December 9**, **2024**.

The Motion to Join Defendant and For Remand is **GRANTED**.  Plaintiff shall file a First Amended Complaint no later than **December 17, 2024**.  Upon the filing of the First Amended Complaint, the Court will issue a final Order remanding this action to the Superior Court of California for the County of Los Angeles.

As such, the Motion to Dismiss is **DENIED** *as moot*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-08310-MWF (AGRx)                    Date:  December 10, 2024

Title:      R and R Surgical Institute v. Luminare Health Benefits, Inc., et al

## I.      **BACKGROUND**

On August 28, 2024, Plaintiff commenced this action in Los Angeles County Superior Court.  (Notice of Removal ("NOR"), Ex. 1 (Docket No. 1) ("Complaint") at 7).  Plaintiff, an unincorporated association, alleges that it rendered medical treatment to a member of a health plan and submitted a reimbursement claim to Defendant, who is a claims processor for various employer-sponsored health plans.  (*Id.* ¶ 4).  Defendant contends, and Plaintiff does not dispute, that the patient Plaintiff rendered services to is a member of the health plan sponsored and funded by Plasma Technology, Inc. ("PTI"), which is governed by the Employee Retirement Income Security Act of 1974 ("ERISA").  (MTD at 7).  Defendant serves as a claims processor for PTI.  (*Id.*).  Defendant does not pay plan benefits from its own funds but instead, pays benefits using the healthcare plans' funds.  (*Id.* at 10).

After Plaintiff submitted the reimbursement claim, Defendant issued an Evidence of Payment ("EOP"), agreeing to pay $235,306.22 with a prepaid credit card subject to a 5% merchant processing fee.  (Complaint ¶ 2).  To avoid the 5% merchant processing fee, Plaintiff requested Defendant issue payment in the form of a paper check.  (*Id.* ¶ 2).  After agreeing to do so, Defendant reduced the payment to $4,100.70 and issued an adjusted EOP.  (*Id.*).  Defendant claims that original EOP resulted from a clerical error and that it reduced the payment amount after the claim was reprocessed and adjusted accordingly.  (Motion at 10).

Plaintiff now seeks recovery of the remaining $231,205.52 included in the original EOP and prejudgment interest.  (Complaint ¶ 3).  Plaintiff brings the three following causes of action: (1) Account Stated; (2) Violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, et seq.; and (3) Violation of California Penal Code sections 484 (Larceny), 487 (Grand Theft), and 496 (Receiving Stolen Property).  (Complaint ¶¶ 10–28).

On September 26, 2024, Defendant removed this action to federal district court on the basis of diversity jurisdiction, 28 U.S.C. § 1332.  (NOR at 1).  Plaintiff seeks to both join PTI as a defendant and to remand this action back to Los Angeles County

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-08310-MWF (AGRx)               **Date:** December 10, 2024

**Title:**      R and R Surgical Institute v. Luminare Health Benefits, Inc., et al

Superior Court because PTI is a non-diverse defendant.  Defendant opposes remand and seeks to dismiss the case entirely.

## II.   **LEGAL STANDARDS**

### A.   **Removal**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]"  28 U.S.C. § 1441(a).  A removing defendant bears the burden of establishing that removal is proper.  *See Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant").  If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court.  *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").  Indeed, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  28 U.S.C. § 1447(c); *see Kelton Arms Condo. Owners Ass'n, Inc. v. Homestead Ins. Co.*, 346 F.3d 1190, 1192 (9th Cir. 2003) ("Subject matter jurisdiction may not be waived, and, indeed, we have held that the district court must remand if it lacks jurisdiction.").

"The general rule, referred to as the 'well-pleaded complaint rule,' is that a civil action arises under federal law for purposes of § 1331 when a federal question appears on the face of the complaint."  *City of Oakland v. BP PLC*, 969 F.3d 895, 903 (9th Cir. 2020) (citing *Caterpillar*, 482 U.S. at 392).  However, complete preemption is "an exception to the well-pleaded complaint rule."  *Saldana v. Glenhaven Healthcare LLC*, 27 F.4th 679, 686 (9th Cir. 2020) (citing *City of Oakland*, 969 F.3d at 905).  Complete preemption applies if a well-pleaded complaint establishes a state-law cause of action but "requires resolution of a substantial question of federal law in dispute between the parties."  *Franchise Tax Bd. of State of Cal. v. Construction Laborers Vacation Trust for Southern Cal. et al.*, 463 U.S. 1, 13 (1983); *see also Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) (complete preemption is invoked when "the pre-emptive

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-08310-MWF (AGRx)                    **Date:** December 10, 2024
**Title:**      R and R Surgical Institute v. Luminare Health Benefits, Inc., et al

force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule' ") (citing *Metropolitan Life Ins. Co v. Taylor*, 481 U.S. at 65).

###   B.   <u>Rule 15</u>

Rule 15 of the Federal Rules of Civil Procedure provides that a party may amend a pleading once as a matter of right.  Fed. R. Civ. P. 15(a)(1).  In all other cases, "a party may amend its pleading only with the opposing party's written consent or the court's leave." *Id.* 15(a)(2).

Rule 15(a)(2)'s rule requiring leave of court also governs amendment of pleadings in actions removed from state court.  *See Schnabel v. Lui*, 302 F.3d 1023, 1037 (9th Cir. 2002) ("When a state court action is removed to federal court, the removed action is treated as if the original action has been commenced in federal court."); *Butner v. Neustadter*, 324 F.2d 783, 785 (9th Cir. 1963) ("The federal court takes the case as it finds it on removal and treats everything that occurred in the state court as if it had taken place in federal court.").  Rule 15 requires that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2).  "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

Congress has explicitly contemplated the possibility of post-removal gamesmanship and has permitted courts to deny "joinder of additional defendants" if such joinder "would destroy subject matter jurisdiction." 28 U.S.C. § 1447(e).  The Ninth Circuit has similarly directed the district courts to "look with particular care at [a potential improper] motive in removal cases, when the presence of a new defendant will defeat the court's diversity jurisdiction and will require a remand to the state court." *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1376 (9th Cir. 1980).

Courts generally consider the following factors when deciding whether to allow amendment to add non-diverse defendants under 28 U.S.C. § 1447:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** CV 24-08310-MWF (AGRx)                **Date:** December 10, 2024

**Title:**      R and R Surgical Institute v. Luminare Health Benefits, Inc., et al

(1) whether the new defendants should be joined under Fed. R. Civ. P. 19(a) as 'needed for just adjudication'; (2) whether the statute of limitations would preclude an original action against the new defendants in state court; (3) whether there has been unexplained delay in requesting joinder; (4) whether joinder is intended solely to defeat federal jurisdiction; (5) whether the claims against the new defendant appear valid; and (6) whether denial of joinder will prejudice the plaintiff.

*Calderon v. Lowe's Home Ctrs., LLC*, No. 2:15-CV-1140-ODW-AGR, 2015 WL 3889289, at *3 (citing *Palestini v. Gen. Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000)).

Any of the *Palestini* factors may be decisive, and no one is strictly required for joinder. *See Meggs v. NBCUniversal Media, LLC*, 2:17-cv-03769-ODW (RAOx), 2017 WL 2974916, at *3 (C.D. Cal. July 12, 2017) (citation omitted).

## III.   DISCUSSION

### A.   Motion to Join Defendant and for Remand

Although the basis of removal in the NOR is diversity jurisdiction under § 1332, Defendant now claims that this Court has federal question jurisdiction under § 1331. Specifically, Defendant argues that Plaintiff's state-law claims are completely preempted under ERISA. (Opp. to MTR at 7). Because analysis of this argument affects the relevant standard governing joinder of a non-diverse party, the Court will first evaluate whether it has federal question jurisdiction over Plaintiff's claims.

#### 1.  ERISA Preemption

Defendant asserts that Plaintiff's claims are completely preempted under ERISA § 502(a), 29 U.S.C. § 1131(a). (Opp. to MTR at 15). Conflict preemption under ERISA § 502(a) "confers federal subject matter jurisdiction for claims that nominally arise under state law." *Fossen v. Blue Cross & Blue Shield of Montana, Inc.*, 660 F.3d 1102, 1107 (9th Cir. 2011).

---

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-08310-MWF (AGRx)                Date:  December 10, 2024
Title:        R and R Surgical Institute v. Luminare Health Benefits, Inc., et al

A state law cause of action is preempted by § 502(a) of ERISA if (1) an individual, at some point in time, could have brought his claim under ERISA § 502(a)(1)(B); and (2) there is no other independent legal duty that is implicated by a defendant's actions.  *Aetna Health Inc. v. Davila*, 542 U.S. 200, 210 (2004).  The two-prong test is conjunctive; both prongs must be met for there to be complete preemption.  *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 947 (9th Cir. 2009).  To satisfy the first prong, participants and beneficiaries are allowed to assign their rights to benefits under an ERISA plan to their healthcare providers, thus giving providers the right to act in place of the participant or beneficiary.  *See e.g.*, *S. Coast Specialty Surgery Ctr., Inc. v. Blue Cross of California*, 90 F.4th 953, 960 (9th Cir. 2024); *Misic v. Bldg. Serv. Emps. Health & Welfare Tr.*, 789 F.2d 1374, 1377 (9th Cir. 1986).

The Court finds the Ninth Circuit's decision in *Marin Gen. Hosp. v. Modesto & Empire Traction Co.* instructive as to both prongs.  581 F.3d 941 (9th Cir. 2009).  In *Marin*, a hospital telephoned an ERISA plan administrator to confirm that a prospective patient had health insurance.  *Id.* at 943.  The plan administrator "orally verified the patient's coverage, authorized treatment, and agreed to cover 90% of the patient's medical expenses at the Hospital."  *Id.*  After submitting a reimbursement claim, the plan administrator reimbursed the hospital for less than 90% of the patient's medical expenses.  *Id.*  The hospital sued for breach of an implied contract, breach of an oral contract, negligent misrepresentation, quantum meruit, and estoppel.  *Id.*

The *Marin* court held the first prong was not met because, although the "payment was made to the Hospital in its capacity as an assignee of the patient's rights under his ERISA plan[,] [t]he Hospital is now seeking additional payment . . . to bring the total payment up to 90% of its charges."  *Id.* at 947.  In other words, the hospital was not seeking additional payment "because it [was] owed under the patient's ERISA plan. Quite the opposite. The Hospital [was] contending that this additional amount [was] owed based on its alleged oral contract[.]"  *Id.*  Here, Plaintiff similarly received an assignment of benefits from the member and was reimbursed pursuant to the member's plan in the amount of $4,100.70.  But "Plaintiff is seeking a higher amount based on state law claims arising from duties and obligations beyond the ERISA law."  (MTR Reply at 9).  And the Complaint expressly states that Plaintiff is seeking the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-08310-MWF (AGRx)                    Date:  December 10, 2024
Title:      R and R Surgical Institute v. Luminare Health Benefits, Inc., et al

amount "due from Defendant by virtue of Defendant's EOP."  (Complaint ¶ 12); (*see also id.* ¶¶ 18, 23).  The Court thus concludes that the first prong does not support preemption.

The *Marin* court also held that the second prong was not met because the "various state-law claims asserted by the Hospital all arise out of what was allegedly said during" the phone call.  581 F.3d at 950.  Thus, the defendant's actions implicated independent legal duties imposed by state law.  *Id.*  The same is true here.  Plaintiff's state-law claims all arise from Defendant's failure to "timely and fully pay Plaintiff's claim for reimbursement pursuant to Defendant's written determination as memorialized in the EOP."  (Complaint ¶ 18).  Accordingly, the second *Davila* prong also does not support preemption.

At the hearing, Defendant emphasized that the Court should first determine the merits of Plaintiff's claims—particularly those alleging the existence of a valid agreement independent of ERISA.  Defendant argued that determination of these issues had a direct bearing on the jurisdictional question because, if the Court concluded no valid agreement existed, Plaintiff's arguments against complete preemption fail.

It appears that some district courts have made determinations regarding the merits of a plaintiff's claim when conducting analysis of complete preemption under § 502(a)(1)(B).  *See e.g.*, *Sagebrush LLC v. Cigna Health & Life Ins. Co.*, CV 24-00353-CJC, 2024 WL 2152458, at *3 (C.D. Cal. May 13, 2024) (denying remand after deciding a defendant was not subject to the Knox-Keene Act); *Sanjiv Goel, M.D., Inc. v. United Healthcare Servs., Inc.*, CV 23-10071-HDV, 2024 WL 1361800, at *5 (C.D. Cal. Mar. 29, 2024) (same).  Other courts, however, have concluded such analysis is improper.  *See e.g., Alta Los Angeles Hosps., Inc. v. Blue Cross of California*, CV 17-03611-ODW (MRWx), 2017 WL 3671156, at *3 (C.D. Cal. Aug. 24, 2017) ("[T]he viability (or lack thereof) of Plaintiff's non-ERISA legal theories does not change the fact that those theories, as pleaded, do not implicate any duty under ERISA and thus do not give rise to jurisdiction under complete preemption. . . . The Court's duty is simply to analyze the claims as pleaded."); *Emsurgcare v. UnitedHealthcare Ins. Co.*, CV 24-03654-SB (Ex), 2024 WL 2892319, at *6 (C.D. Cal. June 7, 2024) (concluding determination of the merits of a claim "is not appropriate unless the Court first

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 24-08310-MWF (AGRx)**                **Date:** **December 10, 2024**

**Title:**        R and R Surgical Institute v. Luminare Health Benefits, Inc., et al

determines that it has jurisdiction" and noting a split in district courts regarding this approach). These divergent approaches, at minimum, "suggest[] uncertainty, which must be resolved in favor of remand." *Emsurgcare*, 2024 WL 2892319, at *6.

Defendant similarly raises arguments that conflate complete ERISA preemption under § 502(a)(1)(B) with conflict preemption under § 514(a). "Defendants are free to assert in state court a defense of conflict preemption under § 514(a), but they cannot rely on that defense to establish federal question jurisdiction." *Marin*, 581 F.3d at 949.

Accordingly, the Court does not have federal question jurisdiction over Plaintiff's state-law claims.

### 2.  Joinder

The original ground for removal was diversity jurisdiction under § 1332. Relying on Defendant's assertions that it was acting as an agent of PTI when processing the member's claim, Plaintiff now seeks to join PTI as a necessary party. PTI, however, is incorporated in and has its principal place of business in California. (Opp. to MTR at 9). Permitting Plaintiff to join PTI would thus destroy complete diversity between the parties, as Plaintiff is also a citizen of California. The Court must accordingly consider whether joinder is proper under the factors enumerated in *Palestini*, 193 F.R.D. at 658.

#### a.  Just Adjudication

Under Rule 19(a), a party is necessary where the party is one "having an interest in the controversy, and who ought to be made [a] part[y], in order that the court may act on that rule which requires it to decide and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it." *IBC Aviation Servs., Inc. v. Compañia Mexicana de Aviación, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (internal citations omitted) (modification in original).

Defendant argues that PTI is not a necessary party because the Court can decide whether Defendant has any obligation to pay Plaintiff from its own funds without

---

**CIVIL MINUTES—GENERAL**                                                **8**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-08310-MWF (AGRx)                 Date:  December 10, 2024
Title:       R and R Surgical Institute v. Luminare Health Benefits, Inc., et al

PTI's involvement.  (Opp. to MTR at 25).  The Court is not persuaded.  Defendant has expressly raised arguments and defenses that directly implicate its relationship to PTI. Namely, Defendant argues it cannot be held liable as an agent of PTI because it was acting within the scope of its authority and the only party that could have plausibly had a duty to pay Plaintiff was PTI.  (Opp. to MTR at 19–21).  These arguments raise important questions, including but not limited to those relating to the scope of Defendant's authority as an agent and which entity made the decision to adjust the EOP.  Moreover, Plaintiff would possibly not be afforded complete relief, and the parties could suffer inconsistent or double results without adding PTI.  Therefore, the Court concludes PTI could be necessary for adjudication of Plaintiff's claims.

**b.  Statute of Limitations**

There is no indication that the statute of limitations would bar any of Plaintiff's proposed claims against PTI, and the parties do not dispute that fact.

**c.  Delay**

Defendant argues that Plaintiff unreasonably delayed in seeking to join PTI primarily because it could have and should have done better due diligence prior to filing the lawsuit.  (Opp. to MTR at 27).  Moreover, Plaintiff waited a month after Defendant sent its conferral letter explaining its anticipated grounds for filing the MTD.  (*Id.*).  Plaintiff explains that it waited to seek joinder after receiving the conferral letter because, following the receipt of the letter, Defendant's counsel represented that they would discuss with their client the possibility of entering a joint stipulation to join PTI and remand the case.  (MTR at 6–7).  Defendant's counsel disputes that it made that representation.  (*Id.* at 7).

Plaintiff filed the MTR seven days after receiving confirmation that Defendant would oppose both adding PTI to the case and seeking remand.  (*Id.*).  There is no indication that Plaintiff delayed unreasonably.  *See IBC Aviation*, 125 F. Supp. 2d at 1012 (two weeks between refusal to stipulate to addition of parties and filing of motion to amend not an unreasonable delay).  And Defendant does not provide any binding authority supporting its contention that a party's pre-litigation conduct should be taken

CIVIL MINUTES—GENERAL                                                9

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 24-08310-MWF (AGRx)                Date:  December 10, 2024
Title:        R and R Surgical Institute v. Luminare Health Benefits, Inc., et al

into account when evaluating this factor.  Accordingly, this factor weighs in favor of joinder.

### d.  Federal Jurisdiction

The parties dispute whether Plaintiff's proposed addition of PTI is indeed purely a ploy to destroy diversity jurisdiction and remand this action.  Defendant points in particular to the fact that the pleadings and procedural history of the case clearly indicate Plaintiff's desire to remain in state court.  Defendant also argues that Plaintiff knew or should have known about PTI's involvement from the start.  (Opp. to MTR at 27).

To begin, it is well-established that a plaintiff may avoid federal jurisdiction by exclusive reliance on state law.  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also Emsurgcare*, 2024 WL 2892319, at *5 ("[I]t is Plaintiffs' prerogative to choose which claims to pursue. The fact that Plaintiffs could have also asserted the assigned ERISA rights does not mean that they were required to do so in addition to asserting a separate right to payment under the Knox–Keene Act.").  Plaintiff's general preference for state court thus has little bearing on whether Plaintiff is engaged in an improper ploy to destroy diversity jurisdiction.  And the procedural history that Defendant points to also provides minimal support to its position.  In fact, the procedural history also indicates that Defendant did not disclose its relationship with PTI until after it removed the case on the basis of complete diversity.  (MTR at 6).  Accordingly, the Court is not persuaded that joinder is intended solely to defeat federal jurisdiction.

### e.  Validity of Claims

Defendant challenges the validity of the claims Plaintiff seeks to assert against PTI.  Specifically, Defendant directs the Court to its MTD, which argues that the Complaint fails to state each proposed claim.

"In considering the fifth factor, 'the [c]ourt need only determine whether the claim seems valid,' which is not the same as the standard in either a motion to dismiss

---

**CIVIL MINUTES—GENERAL**                                          **10**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.**  **CV 24-08310-MWF (AGRx)**                    **Date:  December 10, 2024**

**Title:**      R and R Surgical Institute v. Luminare Health Benefits, Inc., et al

or a motion for summary judgment." *Meggs*, 2017 WL 2974916, at *8 (internal citations omitted) (modification in original).  Courts have been permissive in examining claims, looking to whether the claims have merit to proceed and whether there is some possibility a plaintiff would be able to state a claim.  *See id.* (summarizing cases).

Plaintiff indicates that the claims against PTI would be the same as those against Defendant, since Defendant alleges it was merely serving as an agent of PTI when engaged in the relevant conduct.  Taking into account the permissive nature of the review, the Court concludes that there is some possibility Plaintiff will be able to state its three claims.  (Given the evident weakness of the claims, the Court makes no prediction whether the superior court in fact will sustain or overrule a demurrer.)

*First*, Plaintiff has provided some grounds for distinguishing the cases upon which Defendant relies to argue that the first two claims are conflict preempted under § 514(a).  (*See* Opp. to MTD 14–15, 17).

*Second*, based on the limited record and without additional information about PTI, the Court is unwilling to conclude that PTI is not subject to the Knox-Keene Act. The Knox-Keene Act "applies only to health care service plans and specialized health care service plan contracts, and not to self-funded plans or health insurance policies." *Sanjiv Goel*, 2024 WL 1361800, at *5 (internal quotation marks and citation omitted). But Courts have typically relied on extrinsic evidence supporting the conclusion that the Act is inapplicable.  *See id.* (taking judicial notice of "a California Department of Insurance certificate confirming that it is an '**administrator**,' not a health service plan") (emphasis in original); *Regents of the Univ. of California v. Aetna US Health of California, Inc.*, SACV 10-1043-DOC (RNBx), 2011 WL 13227844, at *6 (C.D. Cal. Mar. 15, 2011) (holding defendant was not a health care service plan based on a provided certificate from the Department of Insurance); *Namdy Consulting, Inc. v. UnitedHealthcare Ins. Co.*, No. CV 18-01283-RSWL (KSx), 2018 WL 6430119, at *3, n.1 (C.D. Cal. July 11, 2018) (holding defendant was not a health care service plan based on judicial notice of California government healthcare website).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

| | |
|---|---|
| Case No. **CV 24-08310-MWF (AGRx)** | Date: **December 10, 2024** |
| Title: | R and R Surgical Institute v. Luminare Health Benefits, Inc., et al |

*Third*, Plaintiff has alleged sufficient facts to possibly state a claim for Account Stated and a violation of the UCL. Understandably, Defendant's objections to these claims are predominantly centered on its status as an agent for PTI, but these arguments would not similarly apply to its alleged principal. (*See* MTD 13–21).

However, Plaintiff's third claim is for violations of California Penal Code sections 484, 487, and 496. It appears that there is no recognized private right of action under either sections 484 or 487, and Plaintiff has not provided any authority to contrary. *See Wescott v. Beresford Corp.*, No. 22-CV-00067-JSC, 2022 WL 1062061, at *5 (N.D. Cal. Apr. 8, 2022) (noting "the prosecution of larceny resides within the discretion of a prosecutor" and "research has not produced any cases recognizing a private right of action based on larceny"); *Roberson v. W. Progressive, LLC*, CV 23-07217-SVW (JPRx), 2024 WL 661171, at *2 (C.D. Cal. Feb. 1, 2024) (noting there is "no indication" in section 487 that "the California Legislature intended to create a private right of action."). The Court otherwise concludes that Plaintiff at least states a possibility that it held a property interest in the funds and that PTI may have appropriated those funds in violation of section 496. *See* Cal. Penal Code § 496(c) (expressly allowing for private right of action).

Accordingly, aside from the claim relying on California Penal Code sections 484 and 487, Plaintiff's state-law claims against PTI appear valid.

## f. Prejudice to Plaintiff

Should Plaintiff not be allowed to amend, Plaintiff would be required "to choose between redundant litigation arising out of the same facts and involving the same legal issues or foregoing its potential claims against [PTI]." *IBC Aviation*, 125 F. Supp. 2d at 1013; *see also Meggs*, 2017 WL 2974916, at *9 (judicial economy disfavors pursuit of substantially related claims in federal and state courts simultaneously).

The factors enumerated in *Palestini* accordingly favor amendment. *See* 193 F.R.D. at 658.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

**Case No.** **CV 24-08310-MWF (AGRx)**          **Date:** **December 10, 2024**

**Title:**      R and R Surgical Institute v. Luminare Health Benefits, Inc., et al

Upon filing of a First Amended Complaint, there will no longer be complete diversity of citizenship between the parties, as Plaintiff and PTI are citizens of California, thereby divesting the Court of its jurisdiction pursuant to 28 U.S.C. § 1332(a).  The action must therefore be remanded.  *See* 28 U.S.C. § 1447(c), (e).

**IV.**    **CONCLUSION**

For the reasons stated above, Plaintiff's Motion to Join Defendant and For Remand is **GRANTED**.  Plaintiff shall file a First Amended Complaint no later than **December 17, 2024**.  Upon the filing of the First Amended Complaint, the Court will issue a final Order remanding this action to the Superior Court of California for the County of Los Angeles.

As such, the Motion to Dismiss is **DENIED** *as moot*.

IT IS SO ORDERED.